RAÚL ASENCIO, Plaintiff and Appellee, v. JUAN S. MENDOZA, Defendant and Appellant.

No. 7634.   Argued January 25, 1939.—Decided June 8, 1939.

R. Hernández Matos, for appellant, P. N. Colberg, for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

Raúl Asencio brought suit against Juan S. Mendoza in the Municipal Court of Cabo Rojo. That court rendered

judgment in favor of the plaintiff and so did the District Court of Mayagüez on Appeal.

The appellee moves to dismiss the appeal apparently largely because there was no transcript of the evidence and because the appeal was otherwise frivolous. Nevertheless, both in the municipal court and the district court the defendant set up a lack of jurisdiction, mainly on the ground that the amount claimed exceeded the jurisdiction of the municipal court. If the municipal court was without jurisdiction we agree with the appellant that the failure to prepare a transcript of the evidence would be no ground to dismiss the appeal.

██ Section 1173 of the Compilation of 1911 provides that municipal courts have jurisdiction up to $500 including interest.

The plaintiff in the municipal court asked judgment for $400, interest and costs. The interest was claimed from the date of the obligation, or the 10th of August, 1934. According to the calculation of the appellant this interest would amount to $96, but the complainant also asked for costs and attorney's fees as the same were found to be set out as part of the original obligation.

The municipal court rendered judgment for $400, interest by reason of delay and costs and attorney's fees, but did not specify what the interest was or what the attorney's fees were. It is because the amount claimed does not specifically extend beyond $500 that the appellee sustains the jurisdiction of the municipal court.

The district court on appeal rendered judgment for $400 with interest from the same date, namely, August 10, 1934, costs and attorney's fees amounting to $50. The judgment, therefore, specifically in the district court amounted to $546. The municipal court did not specify the amount of attorney's fees, but $150 was claimed. We think that as the claim of the plaintiff would involve at least $96 as interest for delay and as the attorney's fees claimed were $150, the municipal

court in effect was without jurisdiction. The district court on appeal rendered judgment for an amount that the plaintiff had no right to claim in the municipal court, namely, $546.

It does not matter that the claim in the municipal court in figures did not amount to more than $500, nevertheless, the effect of the claim as written would allow the plaintiff to recover either in the municipal court or the district court the amount exceeding the jurisdiction of the municipal court. *Certum est quod certum reddi potest* and as the claim properly calculated could exceed the jurisdiction of the municipal court the latter was without jurisdiction. We may add that the plaintiff did not attempt to abate any part of his claim. The appellant makes some calculation of how even if he had the municipal court would have been without jurisdiction, but we find it unnecessary to enter into these considerations as the claim was beyond the jurisdiction of the said municipal court.

The judgment must be reversed and the complaint in the Municipal Court of Cabo Rojo dismissed for lack of jurisdiction.